**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine D. Worden, | No. CV-10-0866-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Federal Home Loan Mortgage Corporation, | |
| Defendant. | |

Plaintiff commenced this action by filing a pro se complaint on April 19, 2010. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis. Dkt. #2. For reasons that follow, the Court will dismiss the complaint and deny the motion without prejudice.

**I. Dismissal of the Complaint.**

Plaintiff's complaint does not adequately allege subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over a case only if (a) it arises under federal law or (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

The complaint does not explain why this Court has subject matter jurisdiction. Plaintiff states in her complaint that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202, but those statutes merely state that this Court can grant declaratory relief in cases which are properly before the Court. They do not provide jurisdiction.

The Court will dismiss the complaint without prejudice. Plaintiff shall have until **May 21, 2010** to file an amended complaint. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## II. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice. Plaintiff shall have until **May 21, 2010** to file an amended complaint.
2. Plaintiff's motion to proceed informa pauperis (Dkt. #2) is **denied** without prejudice. Plaintiff may re-file the motion if she files an amended complaint.
3. The Clerk is directed to terminate this action without notice if Plaintiff fails to file an amended complaint by May 21, 2010.

DATED this 29th day of April, 2010.

David G. Campbell
United States District Judge