**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine D. Worden,<br><br>    Plaintiff,<br><br>vs.<br><br>Federal Home Loan Mortgage Corporation,<br><br>    Defendant. | No. CV-10-0866-PHX-DGC<br><br>**ORDER** |

Plaintiff commenced this action by filing a pro se complaint on April 19, 2010 (Dkt. #1) and a motion to proceed in forma pauperis ("IFP") (Dkt. #2). On April 29, 2010, the Court dismissed Plaintiff's complaint without prejudice on the ground that Plaintiff's complaint failed adequately to allege subject matter jurisdiction. Dkt. #5. On May 21, 2010, Plaintiff filed an amended complaint. Dkt. #6. Plaintiff did not re-file her motion to proceed IFP, but given that no filing fee has been paid, the Court will presume that Plaintiff intended to re-file her IFP motion. For reasons that follow, the Court will dismiss the amended complaint (Dkt. #6) and deny the renewed motion to proceed IFP without prejudice.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under

1 § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading
2 was made, unless it determines that the pleading could not possibly be cured by the allegation
3 of other facts." *Id.* at 1127-29 (citations omitted).

4       A complaint must plead "enough facts to state a claim to relief that is plausible on its
5 face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . .
6 asks for more than a sheer possibility that a defendant has acted unlawfully," demanding
7 instead sufficient factual allegations to allow "the court to draw the reasonable inference that
8 the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
9 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
10 possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the
11 pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). Moreover, legal
12 conclusions couched as factual allegations are not given a presumption of truthfulness and
13 "conclusory allegations of law and unwarranted inferences are not sufficient[.]" *Pareto v.*
14 *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare
15 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
16 suffice.") (citation omitted).

17       Plaintiff's complaint does not satisfy these pleading requirements. Plaintiff brings
18 claims against Defendant Federal Home Loan Mortgage Corporation – the party that
19 purchased Plaintiff's property located at 4157 E. Hallihan Drive in Cave Creek, Arizona at
20 a trustee's sale on November 25, 2009. Dkt. #6 at 1-5. Plaintiff alleges four causes of action,
21 including a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO")
22 (Count One), a common law claim for trespass to chattels (Count Two), a common law claim
23 for abuse of process (Count Three), and a claim for denial of due process (Count Four). *Id.*
24 at 5-9. Plaintiff alleges that Defendant conspired "to place Plaintiff in a loan [it] . . . knew
25 Plaintiff could never repay," that Defendant "acquired title in error" because the "putative
26 lender did not own the Promissory Note," and that Defendant served her with "valid process
27 for the improper and perverted purpose of taking her home" when it knew that the trustee's
28 sale would be improper. *Id.* at 5-8. These allegations, however, are not supported by a

factual basis that would allow "the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 129 S. Ct. at 1950. Indeed, these are nothing more than "conclusory allegations of law and unwarranted inferences" that are unsupported by facts tending to show misconduct on the part of Defendant. *Pareto*, 139 F.3d at 699. Moreover, as to Count Four, it is not clear what actions, if any, that Defendant took which deprived Plaintiff of due process. *See* Dkt. #6 at 8-9 (claiming a due process violation, but not alleging any actions by Defendant that resulted in a denial of due process).

The Court will dismiss the complaint without prejudice. Plaintiff shall have until **July 6, 2010** to file a second amended complaint. Plaintiff is advised that her amended complaint must include some factual basis for each individual claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Dkt. #6) is **dismissed** without prejudice. Plaintiff shall have until **July 6, 2010** to file a second amended complaint.

2. Plaintiff's motion to proceed informa pauperis (Dkt. #2) is **denied** without prejudice. Plaintiff may re-file the motion if she files a second amended complaint.

3. The Clerk is directed to terminate this action without notice if Plaintiff fails to file an amended complaint by July 6, 2010.

DATED this 8th day of June, 2010.

_____
David G. Campbell
United States District Judge